O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Jan. 31 hrg vacated
JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 10-9435 PSG (SSx) | Date | January 25, 2011 |
|---|---|---|---|
| Title | Edward H. York v. Social Security Administration Office of the Inspector General | | |

Present:   The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:   (In Chambers) ORDER dismissing motion for lack of subject matter jurisdiction**

Before the Court is Petitioner Edward H. York's ("Petitioner") motion to quash a Social Security Administration subpoena pursuant to The Right to Financial Privacy Act of 1978 ("RFPA"), 12 U.S.C. §§ 3401 *et seq*. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving papers, the Court hereby DISMISSES the action for lack of subject matter jurisdiction.

On December 9, 2010, Petitioner moved for an Order preventing the Social Security Administration Office of Inspector General from compelling Washington Mutual Bank to disclose his personal financial records in connection with an investigation. *See* Dkt. #1 (Dec. 9, 2010). Petitioner asserts that the Court has jurisdiction over his motion to quash pursuant to RFPA. The RFPA provides customers of financial institutions the right to file a motion to quash administrative summonses of financial records from the institutions. 12 U.S.C. § 3410. However, this right is conditioned on, *inter alia*, the timely filing of the motion. Specifically, Section 3410 requires customers to file their motion to quash within ten days of service or within fourteen days of the date notice was mailed to the customer. 12 U.S.C. § 3410(a).

"The few courts that have interpreted the procedural aspects of the RFPA have done so narrowly." *Siegfried v. Inspector General of U.S. Dept. of Agriculture*, 163 F.Supp.2d 170 (E.D.N.Y., 2001) (dismissing a bank customer's motion to challenge a subpoena duces tecum issued by United States Department of Agriculture pursuant to the RFPA; the motion was not

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**Jan. 31 hrg vacated**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9435 PSG (SSx) | Date | January 25, 2011 |
|---|---|---|---|
| Title | Edward H. York v. Social Security Administration Office of the Inspector General | | |

filed until after the 14 day deadline expired); *see also Securities and Exchange Comm'n v. Jerry T. O'Brien, Inc*., 467 U.S. 735, 746, 104 S.Ct. 2720, 2727, 81 L.Ed.2d 615 (1984) (commenting that "[a] customer's ability to challenge a subpoena [pursuant to the RFPA] is cabined by strict procedural requirements.").

     Here, Petitioner failed to show that his motion was filed within the allotted time frame provided by the RFPA. *Cf. U.S. v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010) ("The party asserting federal jurisdiction has the burden of establishing it.") (*quoting Miguel v. Country Funding Corp*., 309 F.3d 1161, 1164 (9th Cir. 2002)). Petitioner did not attach a copy of the SSA subpoena, or any other documentation indicating that his motion complied with the statutory filing requirements. While he submitted a letter sent to him by the SSA informing him of the SSA's intent to subpoena certain documents in his name, the letter is dated October 18, 2010 – more than 14 days before this motion was filed.

     Because a timely filing is a prerequisite to the Court's jurisdiction over this matter, absent a showing that Petitioner's motion complied with the filing requirements, the Court must dismiss the motion for lack of subject matter jurisdiction. *See, e.g., Swann v. Secretary, U.S. Dept. of Housing and Urban Development*, No. 05-492 ESH/JMF, 2006 WL 148738, 1 (D.D.C., Jan. 19, 2006) ("As a threshold matter, this court does not have subject matter jurisdiction because Swann's motion [to quash administrative subpoena duces tecum pursuant to 12 U.S.C § 3410(a) of the RFPA] is untimely."); *Mackey v. United States Securities and Exchange Commission*, No. 3:96mc407 (AHN),1997 WL 114801 *1 (D.Conn., Feb. 21, 1997) ("[I]f a motion to quash is not timely filed ... a district court does not have subject matter jurisdiction to hear the challenge.").

     This action is accordingly dismissed without prejudice.

     **IT IS SO ORDERED.**